CHARLES VAN KEEGAN, PROSECUTOR, v. JUVENILE AND DOMESTIC RELATIONS COURT OF THE COUNTY OF BERGEN, RESPONDENT.

Argued May 2, 1944—Decided July 14, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Major & Carlson (James A. Major)*.

For the respondent, *Wilbur L. Ross.*

The opinion of the court was delivered by

CASE, J.    The writ brings up the record of the Juvenile and Domestic Relations Court of the County of Bergen in a case entitled "The State v. Charles H. Van Keegan" wherein there was an order reciting that the complaint charged "the defendant with abandoning, abusing, deserting and willfully refusing or neglecting to support his family adequately, contrary to Chapter 18–14, Title 9, of the Revised Statutes of 1937," and deciding that the defendant was "guilty in the form and manner as charged."    The order imposed no sentence; it provided that sentence "be suspended upon condition that the said defendant pay direct the sum of Thirty ($30) (while the loan is pending) dollars a week toward the support and maintenance of his family."    Notwithstanding the recitals in the order, the complaint did not charge the defendant with either abandonment or abuse.    The proofs are recited in a statement signed by the court, but, as thus recited, they are conflicting.    No findings of fact were made by the judge except as follows:    "The court stated the defendant's fixed expenses are $112 per month—in addition to which he pays $50 on a loan of $250, but is not giving the wife sufficient, considering his earnings, for clothing and food for the home."    It is clear that there was not a desertion.    There was no charge of a desertion, no proof of it and no finding as to it.    In fact the wife certified in a preliminary questionnaire submitted by the court that her husband had not deserted her.    Further, there is no finding that the wife and children were likely to become public charges.

The case was resolved into a dispute as to whether the husband gave his wife sufficient money, *considering his earnings,* for clothing and food.    The court decided that he did not and made the order accordingly.    The question is whether the court had authority to entertain the suit for that purpose or to make the order.

The respondent's case is rested solely upon the provisions contained in the act creating a Juvenile and Domestic Relations Court:

*R. S.* 9:18–21: "Proceedings before the Court shall be instituted by a complaint or petition, and shall be verified by the oath of the persons making the same, which complaint or petition may be made on information and belief."

*R. S.* 9:18–14: "The Court shall have jurisdiction to hear and determine in a summary manner disputes and complaints involving the domestic relation where the gravamen of the complaint is the failure to provide support or adequate support, or desertion."

We find no authority in the statute for entitling an action in the name of the state as party plaintiff upon the charge made in the complaint. Further, we know of no punishable offense under our statutes consisting of failure by a husband and father to provide *adequate support,* meaning thereby a degree of support commensurate with his earnings. The cited statute gives authority to hear disputes where the complaint is of a "failure to provide support or adequate support, or desertion." But authority to hear cases of a designated class does not create an offense. The order under review undertakes to suspend sentence upon condition that the defendant shall do certain things. We are at a loss to understand what sort of sentence was suspended or what imposition the court could have placed upon the defendant if the court had been disposed not to suspend sentence.

In addition, we consider that the case is controlled by a decision in our Court of Errors and Appeals in *Hiers* v. *Hiers,* 132 *N. J. Eq.* 610, wherein it is stated that: "A reading of the statutes providing for relief in the Domestic Relations Court clearly indicates that the purpose of the relief to be had there is to prevent deserted wives and children from becoming public charges. * * * As stated, the primary purpose of the proceeding in the law court is for the protection of the public. The relief is granted only when there is need. Mere subsistence usually is granted, so that the wife and children will not become objects of public charity. * * * In order to get relief in the Domestic Relations Court, it is

necessary to aver and show that there has been an abandonment without any support, or at least without sufficient for actual subsistence. In the Chancery proceeding, however, a wife who is actually receiving financial aid from her husband may ask for more in the light of the situation of the parties." The statutory citations enumerated in the cited decision do not include *R. S.* 9:18–21 or *R. S.* 9:18–14; *supra.* But we regard the reasoning of the court as controlling, and we consider that the last mentioned provisions, cited by the respondent herein, are of adjective rather than of substantive law. The jurisdiction of a court to hear matters of a certain sort does not, without more, set up a punishable offense which may be prosecuted by reason of that jurisdiction.

The order under review will be reversed, with costs.